## PYBOS vs McLAUGHLIN.

### Opinion Delivered June 12, 1899.

*Unlawful Detainer—Judgment—Damages.*

> The only judgment that can be rendered in favor of defendant in an action of unlawful detainer is for possession of the premises and damages for unlawful eviction, and when the judgment awards possession to plaintiff it is error to give defendant judgment for any sum whatever as damages.

Appeal from the United States Court for the Southern District.

CONSTANTINE B. KILGORE, Judge.

Action for unlawful detainer by J. C. Pybos and others against Mary E. McLaughlin and another. Judgment in favor of defendant. Plaintiffs appeal. Reversed.

On January 9, 1895, A. C. Marys instituted unlawful detainer proceeding against George W. McLaughlin, Sam McLaughlin, and others, for the possession of about 125 acres of land in the Chickasaw Nation, executed bond, with J. C. Pybos and others as surety, and took possession of the property. Prior to the trial, the death of George W. McLaughlin being suggested, the court ordered that his widow, Mary E. McLaughlin, be made a party defendant. Afterwards Mary E. and Sam McLaughlin filed separate answers, admitting that they had leased the land described by plaintiff,—the one about 75 acres, and the other about 46 acres,—alleging that they had paid the rent therefor, but that, under an agreement with the plaintiff, they were to make improvements on the premises, and were to retain possession until such improvements were paid for. The other defendants answered, denying tenancy, and claiming no rights in the suit. A trial was had, resulting in a verdict for Mary E. McLaughlin for possession of 72 acres of land and $288 damages, and for Sam McLaughlin for 46 acres of land and $184 damages; and judgment was rendered against the plaintiff and his sureties for such damages, and restoring possession of the premises to the defendants named. On May 4, 1896, this judgment, in so far as it restored the premises to the possession of the defendants, was, by agreement of the defendants, by the court set aside. Afterwards, on May 9, 1896, the court, on its own motion, set aside the verdict of the jury awarding the defendant Sam McLaughlin $188 damages, and ordered that he take nothing in the suit, and reduced the damages assessed in favor of Mary E. McLaughlin to the sum of $108 and rendered judgment in her favor against the plaintiff A. C. Mays and his sureties for this amount. From this judgment an appeal is taken.

*B. D. Davidson* and *Dorset Carter*, for appellants.

(28)

*R. N. Coffee, J. W. Cherryholmes,* and *J. L. Abernathy,* for appellees.

CLAYTON, J.   The case presented for our consideration is a suit for unlawful detainer, wherein the plaintiff is awarded possession of the premises, and the defendant given judgment for damages.   The judgment does not state what the damages are for, but, as the only damage that could accrue to a defendant in an action of this kind would be by reason of a wrongful eviction, it must be presumed that this was the element of damages.   But as the court, by its last judgment, found that the defendant was not entitled to the possession of the property, she could not have been wrongfully evicted, and hence could not have been damaged. The question of improvements placed upon the premises by defendant cuts no figure in the case, as they could not have been assessed as damages in the case, the court having found that defendant was not entitled to possession of the premises, and therefore there could have been no agreement that the improvements were to hold the place until paid for. Therefore, if the court awarded the sum of $108 as damages for wrongful eviction, it was error, as defendant was not entitled to the possession of the premises; and if it was for the value of the improvements, the court erred in rendering such judgment, for, as the law then stood, a simple claim for improvements could not have been adjudicated in a suit of this kind.   The judgment of the lower court is reversed and remanded.

TOWNSEND and THOMAS, JJ., concur.